## Adolph Blumke v. Melinda Dailey.

1. JUDGMENTS—*When Not Void for Uncertainty—Interest.*—While section three of chapter seventy-four, R. S., entitled "Interest," provides that when judgment is rendered upon a verdict, interest shall be computed from the time of the rendition of the verdict to the time of rendering the judgment on the same, and made a part of the judgment, yet a judgment is not void for uncertainty because the interest is not so computed.

2. PRACTICE—*Dismissal as to One Defendant—Effect on Pleadings.*— The dismissal of a suit as to one of several defendants, sued jointly, is to be treated as, in effect, striking from the declaration all averments against such party.

3. VARIANCE—*Questions of, Must be Raised in the Court Below.*—The question of a variance between the pleadings and the proofs must be raised in the trial court. It can not be made for the first time in the Appellate Court.

4. DECLARATION—*Defective Averments.*—Defective averments of a declaration should be specifically pointed out, either by demurrer or by a motion in arrest in the trial court, so that they may be there obviated by amendment or otherwise. Such objections can not be made for the first time in the Appellate Court.

5. NEW TRIALS—*Newly Discovered Evidence.*—Newly discovered testimony, which would have been useful merely for the purpose of contradicting the plaintiff, and not necessarily conclusive, is not sufficient to entitle a party to a new trial.

**Trespass on the Case,** under the dram shop act. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

R. D. CALKINS and S. P. ROBINSON, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

In this action the appellee recovered a judgment against appellant for $350 under a provision of the dram shop law. The plaintiff alleged that the defendant sold intoxicating liquors to her husband, causing his intoxication, whereby she was injured in her means of support.

The first error assigned is that the judgment is void for uncertainty. It appears the verdict was rendered some two months before the entry of judgment thereon, which was in substance that the plaintiff recover the sum of $350 with interest from the rendition of the verdict, but the amount of interest was not computed. By Sec. 3 of Ch. 74 R. S., it is provided: "When judgment is rendered on any award, report or verdict, interest shall be computed at the rate aforesaid from the time when made or rendered to the time of rendering judgment on the same, and made a part of the judgment."

The rate aforesaid is five per cent. While the judgment is not exactly formal, yet it is not void for uncertainty. *Id certum est quod certum reddi potest.* The amount of interest may be computed and added to the verdict and judgment may be entered for the total if the parties so desire, but there is no occasion to reverse on this account.

The next objection is that the evidence varies from the declaration in that it was alleged that the defendant and one Trimpter were engaged in the saloon business and furnished the liquor in question, whereas the proof was that the sales were made by defendant alone and not jointly with Trimpter. The case was dismissed during the trial as to Trimpter and proceeded against the appellant alone. This dismissal as to Trimpter was probably treated as, in effect, striking from the declaration all averments against him, and that was in substance the state of the record. No specific objection was made that the proof varied from the declaration in this respect, nor was there a motion to exclude. The point must be overruled.

The next objection is that the declaration is insufficient

in not alleging that the plaintiff's husband squandered his money because he was intoxicated. The averment is that he became intoxicated and while so intoxicated squandered his money and that by reason of such intoxication and squandering his money plaintiff was injured in her means of support.

A more precise and definite averment would have been that while so intoxicated and in consequence of such intoxication he squandered his money, but whatever want of precision there is in this averment is cured by the verdict. Again, such defects should be specifically pointed out either by demurrer or motion in arrest, so that the necessary correction may be made. It has been held repeatedly under Sec. 24 of the practice act, that as such amendment may be made before final judgment is entered, it devolves upon parties to present objections of that nature in the trial court so that they may be there obviated, and the objection can not be made for the first time in this court. If, however, the proof failed to make out a material point, as to which there was also no averment, a different question would arise.

Another error assigned is that the court should have granted a new trial because of newly discovered testimony. This alleged matter would have been useful merely for the purpose of contradicting the plaintiff as to her habit and conduct in reference to the use of intoxicants, as to which appellant did introduce some testimony on the trial.

The evidence, so newly discovered, would not have been conclusive, necessarily, and according to our experience and observation very considerable deduction and discount should be made upon affidavits so produced, more especially when they deal with matters which, in their nature, are indefinite, resting largely in opinion, and recollection of events long passed and probably not much noted at the time of their alleged occurrence.

The defendant sought to prove that the plaintiff did not object but consented to the use of liquor by her husband, and in order to support that view and to avoid exemplary damages, tried to show that she sometimes used liquor and even went to defendant's place to get it, which she denied.

The jury heard all the testimony offered on the point, and if they had also heard what is contained in these affidavits it is by no means certain, or very probable, they would have concluded that she assented to the acts of the defendant in selling to her husband under the circumstances shown, or that they would have given her any less than they did in the way of damages.

It is objected that the first three instructions given for plaintiff are faulty because omitting to state the important condition to recovery that the plaintiff's injury in her means of support was caused by the intoxication of her husband.

Herein counsel seem to be under a misapprehension. The instructions do contain the condition, and the jury could not fail to understand this to be an essential element of the plaintiff's case.

Complaint is made of the fifth and sixth instructions because, as counsel assume, there was nothing in the evidence upon which exemplary damages could be predicted.

It is also complained that the court modified an instruction asked by the defendant to the effect that plaintiff could not recover more than actual damages by adding the qualification, unless the defendant acted willfully in furnishing the liquor. We can not agree with the position of appellant that there was no evidence upon which to predicate an instruction with reference to exemplary damages.

The proof tended to show that liquor was furnished to the husband when he was drunk and under circumstances which would raise a presumption of recklessness and willfulness on the part of appellant, and that more or less of this was after notice from the wife forbidding it.

It is assigned as error that the court refused certain instructions which assumed that it was necessary for the plaintiff to show that her husband was an habitual drunkard and that defendant knew it.

Averments to this effect were in the declaration, but it was not necessary to prove them. In torts the plaintiff may recover upon proof of a part of the charge if the averments are divisible and if enough is proved to make a case. 1 Chitty on Pl. 387.

Blumke v. Dailey.

These averments were not essential to recovery, though they might have been proved, if true, in aggravation of the damages. The instructions were properly refused. So, also, were certain instructions predicated upon the theory that there could be no recovery, because there was no proof that Trimpter participated in making the sales, and also certain others which assumed there was a variance between the declaration and proofs. Nor was it error to refuse certain others which were mere repetitions of some that were given, to the effect that plaintiff could not recover for anything not caused by the action of the defendant.

Some exceptions are taken to the ruling of the court in admitting and excluding evidence. The matters referred to are minor in their character, and we deem it unnecessary to state them all in detail. We find no substantial error therein. On referring to the abstract and in some instances to the record, we are satisfied that the rights of appellant were not prejudiced. For example, the plaintiff on her cross-examination stated that the sales of produce from the farm and garden amounted to $700, and that the items were all put down in a book that was kept at home. It is urged that this statement should have been excluded because it was, in effect, proving the contents of a writing by oral evidence.

The point is not well made.

Argument is pressed upon us that the verdict is grossly unjust in the light of the evidence, and that the jury probably included in this verdict something for damages which should have been charged to other saloon keepers against whom separate suits were brought.

This point was not permitted to become obscured before the jury, as we may infer from the fact that at the instance of defendant they were told in three different instructions that he was not liable unless for liquors sold by him.

On the whole we are not impressed with the view of counsel that the verdict is unjust; nor do we find any error of substance in the record of which appellant may complain. The judgment is affirmed.